J-S69002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY MARCELLOUS MCDOWELL, | |
| Appellant | No. 992 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 11, 2018
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000340-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 12, 2018**

Appellant, Anthony Marcellous McDowell, appeals *pro se* from the judgment of sentence of an aggregate term of 30 days' to 6 months' incarceration, imposed after he was convicted of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(b), and related offenses.  We affirm.

We need not discuss the facts of Appellant's case for purposes of this appeal.  We only note that Appellant was convicted of DUI and related offenses following a non-jury trial on April 19, 2018.  On May 11, 2018, the court sentenced Appellant to the term stated *supra*, and it subsequently denied his timely-filed, post-sentence motion.  Appellant then filed a timely, *pro se* notice of appeal.  On June 20, 2018, the trial court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.  The record indicates that the Rule 1925(b) order was sent to

Appellant's privately-retained counsel and the Commonwealth, but not to Appellant.

Appellant's counsel did not file a Rule 1925(b) statement on his behalf, and no *pro se* statement was filed by Appellant. Consequently, on July 25, 2018, the trial court issued a Rule 1925(a) opinion concluding that Appellant had waived any issue(s) that he sought to raise on appeal. **See** Trial Court Opinion, 7/25/18, at 1. On July 30, 2018, the trial court granted defense counsel's motion for leave to withdraw from representing Appellant. Appellant thereafter filed a *pro se* brief with this Court.

We begin by addressing the trial court's conclusion that Appellant waived his claims for our review by failing to comply with its order to file a Rule 1925(b) statement. As noted above, the record indicates that Appellant was still represented by counsel at the time the order was issued, and it was sent to counsel but not to Appellant. Under such circumstances, we would typically remand for the filing of a concise statement *nunc pro tunc*. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.").

However, we decline to remand in this case, as we conclude that Appellant has waived his issue(s) on another basis. Namely, Appellant's brief to this Court wholly fails to conform to the Rules of Appellate Procedure. For

instance, Appellant does not include any of the required sections, such as a Statement of the Questions Involved, Summary of the Argument, or Argument. *See* Pa.R.A.P. 2116, 2118, 2119. Instead, Appellant's brief is comprised of two hand-written pages, along with several unexplained documents and pictures. These briefing errors impede our ability to clearly discern what claim(s) Appellant is raising, let alone meaningfully review them. Therefore, Appellant's issue(s) are waived.[1] *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2018

---

[1] To the extent that Appellant seems to be challenging the legality of the stop of his vehicle, and/or the subsequent draw of his blood, he did not present these claims to the trial court in a pretrial motion to suppress. Accordingly, we would deem these issues waived on this basis, as well. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").